1  Patricia N. Syverson (CA SBN 203111)
   BONNETT, FAIRBOURN, FRIEDMAN
2  & BALINT, P.C.
   600 W. Broadway, Suite 900
3  San Diego, California 92101
4  Telephone:  (619) 798-4593
   Email:      psyverson@bffb.com
5
6  Elaine A. Ryan (*To be admitted pro hac vice*)
   Carrie A. Laliberte (*To be admitted pro hac vice*)
7  BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
8  2325 E. Camelback Rd., Suite 300
   Phoenix AZ 85016
9  Telephone:  (602) 274-1100
   Email:      eryan@bffb.com
10             claliberte@bffb.com
11 Counsel for Plaintiff and the Putative Class
12
13                 **UNITED STATES DISTRICT COURT**
                   **NORTHERN DISTRICT OF CALIFORNIA**
14

15 | Liza Lichtinger, individually and on behalf of all others similarly situated, | **Case No.:** |
|---|---|
| Plaintiff, | **CLASS ACTION** |
| v. | **CLASS ACTION COMPLAINT** |
| The Procter & Gamble Company, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

1. Plaintiff Liza Lichtinger, by and through her undersigned counsel, brings this class action lawsuit against The Procter & Gamble Company ("Defendant" or "P&G") individually and on behalf of all others similarly situated, and alleges, based upon information and belief and the investigation of her counsel as follows:

## INTRODUCTION

2. P&G manufactures, labels, markets, distributes, and sells Crest brand Gum & Enamel Repair toothpaste (the "Product"). On the front of the Product, P&G represents that the Product provides gum repair (the "gum repair representation"). Defendant's gum repair representation is false, misleading, and reasonably likely to deceive the public.

3. While toothpastes, including the Product, may help control, reduce, or prevent gingivitis, they cannot repair gums.

4. Thus, the gum repair representation is false, misleading, and deceptive.

5. Plaintiff brings this action on behalf of herself and other similarly situated consumers who purchased the Product to halt the dissemination of this false, misleading, and deceptive advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased the Products. Based on violations of California unfair competition laws (detailed below), Plaintiff seeks injunctive and restitutionary relief for consumers who purchased the Products. Plaintiff will amend her Complaint to seek damages if Defendant does not cure its Product misrepresentations and give notice to all affected consumers in response to Plaintiff's CLRA § 1770 letter.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. There are in excess of 100 Class members and some members of the Class are citizens of a state different from Defendant.

7. This Court has personal jurisdiction over Defendant because Defendant is authorized to and does conduct business in California, including this District. Defendant

1  marketed, promoted, distributed, and sold the Product in California, and Defendant has
2  sufficient minimum contacts with this State and/or sufficiently availed itself of the markets in
3  this State through its promotion, sales, distribution, and marketing within this State, including
4  this District, to render the exercise of jurisdiction by this Court permissible.

5        8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b) because a
6  substantial part of the events giving rise to Plaintiff's claims occurred while she resided in this
7  District and Defendant conducts business throughout this District (including promoting, selling,
8  marketing, and distributing the Product), and has caused harm to Plaintiff and Class members,
9  many of whom reside in this District.

## PARTIES

11        9.     Plaintiff Liza Lichtinger is a resident and citizen of San Francisco, California.
12  On February 27, 2021, Plaintiff was exposed to, read, and relied upon Defendant's gum
13  repair representation on the Product label.  She purchased the Product at a CVS store in
14  Greenbrae, California in reliance on the gum repair representation, which led her to believe
15  that the Product would "repair" her gums, and she paid approximately $9.29 for the Product.
16  The Product Plaintiff purchased did not and could not provide the represented gum repair
17  benefits.  Had Plaintiff known the truth about Defendant's misrepresentations, she would
18  not have purchased the Product, or would not have paid as much for it.  As a result, Plaintiff
19  suffered injury in fact and lost money at the time of purchase.  Plaintiff continues to desire
20  to purchase Crest toothpaste products that can support or improve the health of her gums
21  and are not misleadingly labeled, and she would purchase such a product manufactured by
22  Defendant if it were possible to determine prior to purchase the extent of the product's gum
23  benefits.  Indeed, Plaintiff regularly visits stores such as CVS, where Defendant's Crest
24  toothpaste products are sold, but will be unable to rely upon the gum repair representations
25  and will not be able to determine if the products, including the Product at issue in this case,
26  are truthfully labeled when deciding whether to purchase such products in the future.

1        10.     Defendant is an Ohio corporation with a principal place of business in Cincinnati, Ohio. Defendant markets, distributes, and sells the Product to tens of thousands of consumers nationwide, including in California.

## FACTUAL ALLEGATIONS

2        11.     Defendant manufactures, labels, markets, distributes, and sells various consumer goods, and is one of the largest manufacturers of oral care products, under its Crest brand. This lawsuit concerns one of those products – Crest Gum & Enamel Repair toothpaste. The Product is sold at virtually every major food, drug, and mass retail outlet in the country, including, but not limited to CVS, Kroger, Target, Walgreens, and Walmart. A single 4.1 oz tube of the Product retails for the premium price of approximately $6.99-$9.29.

        12.     Throughout the relevant time period, Defendant has consistently conveyed the deceptive gum repair message to consumers throughout California and the United States via prominent front-label gum repair representations.

        13.     Each and every consumer who purchases the Product is exposed to the deceptive gum repair representation, which appeared prominently and conspicuously on the front of each Product during the Class Period as shown below:

//
//
//
//
//
//
//
//

 

14. Although the word "gum" does not directly precede "repair," its large typeface is similar to the word "enamel," and both words are modified by the word "repair," to which "gum" is tethered by proximity, and conjoined by the word "and," (or "&"). This, combined with the lack of any limiting language leads reasonable consumers reading the Product label to believe that the Product will "repair" their gums as well as their enamel when it will not. Indeed, that is exactly how Plaintiff understood the gum repair representation.

15. And, even when all the representations on the front of the package are construed as a whole, a reasonable consumer could conclude, and Plaintiff did conclude, that the Product

repairs gums, meaning repairs structural damage such as gum recession, bone loss, or periodontal pocketing, and "also" has been proven to "reverse gingivitis." While the Product may or may not prevent further gum damage, gums that have suffered structural damage cannot be repaired, restored, or re-grown through use of the Product. The only way to repair gums is through periodontal treatment, including cosmetic dental surgery such as gum grafting. *See generally, e.g.*, Periodontal Treatments and Procedures | Perio.org; Shaddox, L. and Walker, C., Treating chronic periodontitis: current status, challenges, and future directions, Clin. Cosmet. Investig. Dent., v.2; Aug. 11, 2010, *available at* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3645457/.

16. This is evidenced by, among other things, the Product's active ingredient – Stannous Fluoride .454% (.14% W/V Fluoride Ion) – which is common to most toothpastes and provides no special gum "repair" benefits.

17. As a result of Defendant's wrongful conduct, Plaintiff and Class members have been and will continue to be deceived or misled by Defendant's deceptive gum repair representations. Plaintiff and Class members have been damaged in their purchases of the Product and have been deceived into purchasing the Product which they believed, based on Defendant's representations, would provide them gum repair benefits when, in fact, it does not.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of herself and all other similarly situated consumers pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

> All California residents who, within the applicable statute of limitations period until the date notice is disseminated, purchased the Product for personal use and not for resale (the "Class").

19. Excluded from the Class are P&G and its officers, directors, and employees, as well as those who purchased the Product for the purpose of resale.

20. Plaintiff hereby reserves the right to amend or modify the Class definition with greater specificity or division after having had an opportunity to conduct discovery.

21. The proposed Class meets the criteria for certification under Rules 23(a), (b)(2), and (b)(3).

22. **Numerosity.** The members of the Class are so numerous that joinder of all members is impractical. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of the Product who have been damaged by Defendant's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

23. **Commonality.** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common questions include, but are not limited to, the following:

    a. whether Defendant's gum repair representation is misleading, or objectively reasonably likely to deceive;

    b. whether Defendant's alleged conduct is unlawful;

    c. whether Defendant's alleged conduct constitutes violations of the laws asserted;

    d. whether Defendant engaged in false or misleading advertising; and

    e. whether Plaintiff and Class members are entitled to relief, including restitution, corrective advertising, and injunctive relief.

24. **Typicality.** Plaintiff's claims are typical of those of other Class members because, *inter alia*, all Class members were injured through the uniform misconduct described above and were subject to Defendant's deceptive gum repair representations on the front of each and every Product label. Plaintiff is also advancing the same claims and legal theories on behalf of herself and all Class members and seeks relief consistent with the relief sought by the Class.

25. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this case. Plaintiff has no adverse or antagonistic interests to those of the Class.

26. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for members of the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individual litigation by each Class member would also strain the court system. Individual litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts and would increase the delay and expense to all parties and the court system. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

27. **Injunctive and Declaratory Relief.** Defendant, through its uniform conduct, acted or refused to act on grounds generally applicable to the Class as a whole, making injunctive and declaratory relief appropriate to the Class as a whole.

28. Unless a Class is certified, Defendant will retain monies received as a result of its conduct that were taken from Plaintiff and Class members.

29. Unless an injunction is issued, Defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be deceived.

## COUNT I
**Violation of Business & Professions Code §§ 17200, *et seq.***

30. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

31. Plaintiff brings this claim individually and on behalf of the Class.

32. The Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.* ("UCL"), prohibits any "unlawful," "unfair," or "fraudulent" business act or practice and any false or misleading advertising.

33. **Unlawful Business Practices:** In the course of conducting business, Defendant committed "unlawful" business practices in violation of the UCL by, *inter alia*, making the gum repair representation, which is false, misleading, and deceptive (which also constitutes advertising within the meaning of § 17200); violating the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.*; California's Sherman Food, Drug and Cosmetic Law, Health & Safety Code §§ 109875 *et seq.*; and the Food Drug and Cosmetic Act, 21 U.S.C. §§ 301 *et seq*. Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

34. **Unfair Business Practices:** In the course of conducting business, Defendant committed "unfair" business acts and practices by, *inter alia*, making the gum repair representation, which is false, misleading, and deceptive (which also constitutes advertising within the meaning of § 17200). There is no societal benefit from false advertising, only harm. While Plaintiff and the public at large were and continue to be harmed, Defendant has been unjustly enriched by its false, misleading, and deceptive representation as it unfairly enticed Plaintiff and Class members to purchase the Product instead of similar, less expensive toothpaste products without the gum repair representation sold by other manufacturers. Because the utility of Defendant's conduct (zero) is outweighed by the gravity of harm to Plaintiff, consumers, and the competitive market, Defendant's conduct is "unfair."

35. Defendant also engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to the public at large.

36. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. For example, Defendant could have sold the Product without the gum repair representation.

37. **Fraudulent Business Practices:** In the course of conducting business, Defendant committed "fraudulent business act[s] or practices" and deceptive or misleading advertising by, *inter alia*, making the gum repair representation, which is false, misleading, and deceptive to reasonable consumers.

38. Defendant's actions, claims, and misleading statements, as more fully set forth above, are misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §§ 17200, *et seq*.

39. Plaintiff relied on Defendant's gum repair representation and was in fact injured as a result of that false, misleading, and deceptive representation.

40. As alleged herein, Plaintiff and Class members have suffered injury in fact and lost money or property at the time of purchase as a result of Defendant's conduct because they were exposed to and purchased Defendant's Product in reliance on the gum repair representation, but did not receive a Product that can repair gums.

41. Unless restrained and enjoined, Defendant will continue to engage in the above described conduct. Accordingly, injunctive relief is appropriate.

42. Plaintiff, on behalf of herself and all other similarly situated Class members, seeks declaratory relief and an injunction prohibiting Defendant from continuing such practices, corrective advertising, restitution of all money obtained from Plaintiff and Class members collected as a result of unfair competition, and all other relief this Court deems appropriate, consistent with Business & Professions Code § 17203.

**COUNT II**
**Violations of the Consumer Legal Remedies Act –**
**Cal. Civ. Code §§1750, *et seq*.**

43. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 28 above, as if fully set forth herein.

44. Plaintiff brings this claim individually and on behalf of the Class pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*. (the "CLRA").

45. Plaintiff is a consumer as defined by California Civil Code § 1761(d).

46. The Product is a "good" within the meaning of the CLRA.

47. Defendant violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and Class members which were intended to result in, and did result in, the sale of the Product:

> (5) Representing that [the Product has] . . . characteristics, . . . uses [and] benefits . . . which [it does] not have . . . .
>
> \*   \*   \*
>
> (7) Representing that [the Product is] of a particular standard, quality, or grade … if [it is] of another.

48. Pursuant to California Civil Code § 1782(d), Plaintiff and Class members seek a Court Order declaring Defendant to be in violation of the CLRA, enjoining the above-described wrongful acts and practices of Defendant, and ordering restitution and disgorgement.

49. Pursuant to §1782 of the CLRA, Plaintiff notified Defendant in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to so act. A copy of the letter is attached hereto as Exhibit A.

50. If Defendant fails to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782 of the CLRA, Plaintiff will amend this Complaint to add claims for actual, punitive, and statutory damages as appropriate.

51. Pursuant to § 1780 (d) of the CLRA, attached hereto as Exhibit B is the affidavit showing that this action has been commenced in the proper forum.

**WHEREFORE**, Plaintiff prays for a judgment:

A. Certifying the Class as requested herein;

B. Issuing an order declaring that Defendant has engaged in unlawful, unfair, and deceptive acts and practices in violation of the UCL and CLRA;

C. Enjoining Defendant's conduct and ordering Defendant to engage in a correct advertising campaign;

D. Awarding disgorgement and restitution of Defendant's ill-gotten revenues to Plaintiff and the Class;

E. Awarding attorneys' fees and costs; and

F. Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues triable by a jury.

DATED this 14th day of April 2021

        BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

By: *Patricia N. Syverson*
Patricia N. Syverson (CA SBN 203111)
600 W. Broadway, Suite 900
San Diego, California 92101
Telephone: (619) 798-4593
psyverson@bffb.com

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Elaine A. Ryan (*To be admitted pro hac vice*)
Carrie A. Laliberte (*To be admitted pro hac vice*)
2325 E. Camelback Rd., Suite 300
Phoenix AZ 85016
Telephone: (602) 274-1100
eryan@bffb.com
claliberte@bffb.com

Counsel for Plaintiff and the Putative Class