# EXHIBIT A



**BONNETT FAIRBOURN FRIEDMAN & BALINT PC**

| | | |
|---|---|---|
| WILLIAM G. FAIRBOURN | ANDREW S. FRIEDMAN | FRANCIS J. BALINT, JR. |
| VAN BUNCH | ROBERT J. SPURLOCK | C. KEVIN DYKSTRA |
| ELAINE A. RYAN | ANDREW Q. EVERROAD | PATRICIA N. SYVERSON |
| KIMBERLY C. PAGE | CHRISTINA L. PUSATERI | WILLIAM F. KING |
| T. BRENT JORDAN[1] | TY D. FRANKEL | CARRIE A. LALIBERTE |
| LISA T. HAUSER | NADA DJORDJEVIC[2] | ANDREA M. WRIGHT |

ROBERT P. SOLLIDAY, Of Counsel

[1] Admitted Only in Pennsylvania
[2] Admitted Only in Illinois

April 14, 2021

**<u>VIA CERTIFIED MAIL</u>**
**<u>(RECEIPT NO. 7020 1290 0001 8683 7866)</u>**

The Procter & Gamble Company
General Counsel
1 P&G Plaza
Cincinnati, OH 45202

   Re: *Liza Lichtinger v. The Procter & Gamble Co.*

Dear Sir or Madam:

  Our law firm represents Liza Lichtinger and all other consumers similarly situated in an action against The Procter & Gamble Company ("P&G" or "Defendant"), arising out of, *inter alia*, misrepresentations by Defendant to consumers that its Crest brand Gum & Enamel Repair toothpaste product (the "Product") provides gum repair (the "gum repair representation").

  Ms. Lichtinger and others similarly situated purchased the Product unaware that Defendant's gum repair representation is false, misleading, and reasonably likely to deceive the public. The gum repair representation is false and misleading because the Product cannot repair structural gum damage. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

  Defendant's gum repair representation is false and misleading and constitutes unfair methods of competition and unlawful practices, undertaken by Defendant with the intent to induce the consuming public to purchase the Product. The gum repair representation does not assist consumers; it simply misleads them.

  Defendant's gum repair representation violates California Civil Code § 1770(a) under, *inter alia,* the following subdivisions:

    (5) Representing that [the Product has] . . . characteristics, . . . uses [or] benefits. . . which [ it does] not have.

April 14, 2021
Page 2

\* \* \*

  (7) Representing that [the Product is] of a particular standard, quality, or grade … if [it is] of another.

California Civil Code §§ 1770(a)(5), (a)(7).

  Defendant's gum repair representation also constitutes violations of California Business and Professions Code §§ 17200, *et seq*.

  While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all others similarly situated that P&G immediately correct and rectify this violation of California Civil Code § 1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, P&G should offer to refund the purchase price to all consumer purchasers of the Product plus reimbursement for interest, costs, and fees.

  Plaintiff will, after 30 days from the date of this letter, file a further amended Complaint as permitted by California Civil Code § 1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims also would include claims under the Consumers Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that P&G address these violations immediately.

  P&G must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

  1. Identify or make a reasonable attempt to identify purchasers of the Product;

  2. Notify all such purchasers so identified that upon their request, P&G will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for the Product, plus interest, costs, and fees;

  3. Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all Product purchasers who so request; and

  4. Cease from representing to consumers that the Product provides the gum repair benefits, when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

April 14, 2021
Page 3

       We await your response.

                                          Very truly yours,

                                          Patricia N. Syverson
                                          For the Firm

PNS:td
Enclosures